UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO ANTHONY ALLEN,

    Plaintiff,

    v.                                          CAUSE NO. 3:23-CV-644-JD-MGG

JAIMEE OSS,

    Defendant.

## OPINION AND ORDER

Mario Anthony Allen, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. ECF 1 and 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Allen has three strikes:

    1. *Allen v. Indiana Attorney General*, 3:08-cv-098 (N.D. Ind. filed February 28, 2008), dismissed pursuant to 28 U.S.C. § 1915A on March 10, 2008;

    2. *Allen v. Indiana State Attorney General*, 3:08-cv-124 (N.D. Ind. filed March 13, 2008), dismissed pursuant to 28 U.S.C. § 1915A on April 24, 2008; and

    3. *Allen v. Knight,* 1:14-cv-1400 (S.D. Ind. filed August 25, 2014), dismissed for failure to state a claim on October 23, 2014.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (*quoting* 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Allen knows he has struck out and argues he is in imminent danger because he is housed in the Westville Correctional Facility. ECF 2. As Allen was told in *Allen v. Valparaiso University Law Clinic*, 2:23-cv-180 TLS-JPK (N.D. Ind. filed June 1, 2023), merely being in prison is not a genuine emergency. In this case, Allen is suing a State court judge because the judge has not ordered his release from prison. The allegations in this case do not demonstrate Allen is in imminent danger of serious physical injury. Allen may not proceed in forma pauperis, but under 28 U.S.C. § 1915(b), he must still pay the filing fee because he filed this case as a prisoner.

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 2);

(2) DISMISSES this case WITHOUT PREJUDICE;

(3) ORDERS the plaintiff, **Mario Anthony Allen, IDOC # 143473,** to pay (and the facility having custody to automatically remit) to the clerk 20% of the money received for each calendar month during which $10.00 or more is received, until the $402.00 filing fee is paid in full;

(4) DIRECTS the clerk to create a ledger for receipt of these funds; and

(5) DIRECTS the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on July 10, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT